J-S32002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.N.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 728 MDA 2025 |

Appeal from the Order Entered May 9, 2025
In the Court of Common Pleas of Bradford County Juvenile Division at
No(s):  CP-08-DP-0000017-2024

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED: OCTOBER 1, 2025**

S.S. ("Father") appeals from the order, entered in the Court of Common Pleas of Bradford County, finding "aggravating circumstances"[1] after making a determination that S.N.S. ("Child") was the victim of sexual abuse perpetrated by Father in this dependency matter.  **See** 42 Pa.C.S.A. 6302. After review, we are constrained to reverse.

The trial court set forth the facts and procedural history of this case as follows:

> Child was adjudicated dependent on July 19, 2024.  Child had been hospitalized at a psychiatric center for several weeks.  Prior to the hospitalization, she had been estranged from her mother for almost 10 years and was living with [F]ather.  [Child] did not

---

[*] Former Justice specially assigned to the Superior Court.

[1] An order finding that aggravating circumstances exist and suspending reunification efforts is an appealable order.  **See In Interest of Z.V.**, 158 A.3d 665, 669 (Pa. Super. 2017).

J-S32002-25

want to return to [F]ather's home and threatened suicide if returned there. She reported a pattern of [F]ather making sexualized comments to and about her and also reported incidents th[at] included Father striking her with a ladder, putting his hand around her neck[,] and throwing wrenches and bottles at her.

At the October 7, 2024 permanency review hearing, Child was then residing with foster parents. Father had been charged with a crime and[,] as a condition of his bail, he is not permitted to have contact with Child. Exhibit 1, which was admitted into evidence, provided that "[Child] was removed from her biological family following significant abuse perpetrated by her biological father that led to her suicide attempt." Exhibit 1, [at 2]. [By the time of] the January 6, 2025 permanency review hearing, Father had been charged with new charges wherein Child is identified as the alleged victim. The charges [include], but [are] not limited to, involuntary deviate sexual intercourse, indecent assault, corruption of minors, statutory sexual assault, sexual assault, [and] aggravated indecent assault. . . . A finding was made by the Hearing Officer at [the] January 6, 2025 hearing that no contact [] be permitted between Father and Child and "no steps can be taken towards reunification at this time." [Permanency Review Order,] 1/7/25[.]

. . .

On February 18, 2025, [Timothy Reitz, Esquire,] Child's guardian ad litem [("GAL"),] filed a petition for aggravated circumstances. A permanency review hearing and hearing on the petition for aggravated circumstances was held on May 2, 2025. All prior findings were incorporated by reference. . . .

Th[e] court found that "[C]hild has indicated that she is the victim of sexual abuse by Father. This qualifies as aggravated circumstances pursuant to 42 Pa.C.S.[A.] § 6302(2)." [] Permanency Review Order[, 5/7/25, at 3 (unpaginated)]. The court further found[,] and ordered as a result, that no further efforts to reunify are required to be made. [*See id.*]

Trial Court Opinion, 7/2/25, at 1-2 (unnecessary capitalization omitted).

Father filed a timely notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Father raises the following claim for our review: "Whether the trial court abused its discretion when it found

by clear and convincing evidence that aggravated circumstances existed[] regarding Father and granted [GAL's] motion for aggravated circumstances?" Brief of Appellant, at 7.

The applicable scope and standard of review for dependency cases is as follows:

> [T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re A.B.*, 63 A.3d 345, 349 (Pa. Super. 2013), quoting *In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010).

A dependency court may determine that aggravated circumstances exist, thereby allowing it to suspend efforts at reunification, where, inter alia, "the child . . . has been the victim of . . . sexual violence . . . by the parent." 42 Pa.C.S.A. § 6302 (defining "aggravated circumstances," ¶ (2)). "Sexual violence" is defined, inter alia, as rape or indecent contact as defined in 18 Pa.C.S.A. § 3101. *Id.* (defining "sexual violence"). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. Pursuant to 42 Pa.C.S.A. § 6341(c.1), aggravated circumstances must be proven by clear and convincing evidence, which is defined as evidence that is so "clear, direct, weighty[,] and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the

truth of the precise facts in issue." ***Interest of A.M.***, 256 A.3d 1263, 1270 (Pa. Super. 2021).

Father asserts that the evidence presented at the aggravated circumstances hearing was "not enough to meet [the] heavy burden" of clear and convincing evidence. Brief of Appellant, at 11. Father claims that the only evidence presented was "statements made by [Child], and the resulting criminal charges against [Father], that [Father] had sexual[ly] abused her." ***Id.*** Father argues that "just because there are charges pending against him and [Child] is the alleged victim[,] that is not clear and convincing evidence. [Father] is presumed innocent." ***Id.*** Father claims that Child's accusations of sexual abuse "are just allegations and do not rise to the burden of clear and convincing evidence." ***Id.*** at 11-12. We are constrained to agree that the GAL failed to present clear and convincing evidence to support a finding of aggravated circumstances.

Here, the GAL presented no evidence at the aggravated circumstances hearing. The trial court's finding was based solely upon previous disclosures made by Child of sexual abuse perpetrated against her by Father. However, the trial court does not identify the nature of those disclosures and evidence of specific disclosures made by Child is absent from the certified record. The sole record reference to a specific act by Father is found in a document titled "Allegations of Dependency," attached to the application for emergency protective custody filed on July 10, 2024, which indicates that "there are concerns of sexual abuse due to prior inappropriate comments made by

[F]ather." Application for Emergency Protective Custody (Allegations of Dependency), 7/10/24, at ¶ 8. Father's pending criminal charges are referenced by the court and the parties, but, again, the record contains no documentation of the charges or the specific alleged acts that led to the charges.[2]

At the aggravated circumstances hearing, which was held in conjunction with a permanency review hearing, the court received no testimony specific to the aggravated circumstances petition.[3] Rather, the "evidence" consisted of the following statement by Johanna Berta, Esquire, appearing on behalf of the GAL:

> JOHANNA BERTA, ESQUIRE[:] . . . With respect to Father, the grounds are slightly different. Um Father's grounds uh the uh basis is under [subsection] two [of the definition of "aggravated circumstances" contained in section 6302]. That [C]hild or another child of the parent has been a victim of physical abuse or sexual violence. Um with respect to that, attached to the petition of which we would request the [c]ourt to take judicial notice. Uh the Father [] has been charged with multiple crimes um that would fit the definition of sexual violence. And [Child] is an identified victim of that as well I believe [] he's been charged with [] similar crimes in relation to a sibling. [Child] uh as part of the record of a dependency uh [Child] has undergone in a CAC interview. And

---

[2] We note that the GAL's petition for aggravated circumstances states that a docket sheet reflecting the charges brought against Father is attached at exhibit 1, but no docket is actually appended to the petition contained in the certified record. *See* Petition for Aggravated Circumstances, 2/18/25, at ¶ 7.

[3] Candace Owens, Child's caseworker with Bradford County Children and Youth Services, testified at the permanency review portion of the hearing. However, Caseworker Owens' testimony related solely to Child's current circumstances and progress and did not provide any evidence regarding the allegations of sexual abuse.

it is from that CAC interview that I believe these charges were derived. So[,] that would be the basis for the uh request for aggravated circumstances as to the Father.

N.T. Aggravated Circumstances Hearing, 5/2/25, at 13. The GAL did not submit Child's CAC interview into evidence and it is not contained in the certified record.

After Father's counsel argued that the existence of criminal charges against Father, alone, did not constitute clear and convincing evidence of abuse, CYS attorney Jan Rumsey, Esquire, responded as follows:

[ATTORNEY RUMSEY:] I disagree completely. Um the section that this is referencing does not specifically say anything about criminal charges being a reason. It just says sexual violence. Um against the child. The child herself is the one who disclosed the sexual violence regardless of whether there were charges that were filed and adjudicated that its one hundred percent irrelevant to the Court finding aggravating circumstances here. The child was found to be credible with her disclosures um and like I said it was the child herself who did disclose the sexual violence. Um in addition to that, well[,] let me back up. That is also in prior records um the child had disclosed this information. So[,] although um the basis with the petition includes the charges, that's not the only basis. The basis would also be that the child herself did disclose the sexual violence. In addition to that[,] as you heard in the testimony for the permanency review hearing, this case has been ongoing since I believe middle of July. So[,] we are not quite a year. Father, it's my understanding[,] is contesting all of these charges and as we all know criminal uh Court dockets don't run at the speed of light around here. So[, by the time that he is able to get through this process of contesting these, whether he's um whether he avails [sic] or whether he doesn't. We're gonna be approaching the fifteen (15) month mark at that point anyway and until these charges are dealt with on his behalf on way or another, there are conditions that prohibit him from having contact with [Child]. And [i]n addition[, Child] doesn't want contact with [him. W]e're gonna be well past the year approaching or past the fifteen (15) month time[-]frame before we can start to give this child permanency. Um at this

point I think she's been through enough and should be able to have permanency sooner rather than later.

***Id.*** at 15-16.

Based upon the complete absence of competent evidence adduced at the aggravated circumstances hearing, we conclude that the trial court abused its discretion in finding that the GAL presented clear and convincing evidence that Child was the victim of sexual abuse at the hands of Father. In so concluding, we do not discount or in any way pass judgment on the validity or credibility of Child's disclosures. However, the GAL bore the burden to establish aggravated circumstances by clear and convincing evidence and utterly failed to sustain that burden. Notably, the GAL did not present Child's testimony, relevant caseworker testimony, or the testimony of a mental health professional detailing the nature of Child's disclosures and/or opining as to their validity. ***See, e.g.***, ***In re C.B.***, 861 A.2d 287 (Pa. Super. 2004) (finding aggravated circumstances based on testimony of caseworker and two psychologists establishing child was victim of sexual abuse by father); ***In re S.B.***, 833 A.2d 1116 (Pa. Super. 2003) (finding aggravated circumstances based on child's testimony and that of numerous child welfare professionals).

In its Rule 1925(a) opinion, the trial court concluded that it "found [to be clear and convincing] the evidence from all prior hearing[s] and [the] current hearing as set forth in Reports to Court that Child had been sexually abused by Father and that charges had been filed against [Father.]" Trial Court Opinion, 7/2/25, at 4. However, the trial court does not point to any

specific evidence adduced at prior hearings, the certified record does not contain transcripts from those hearings, and the "reports to court" consist of form "family finding" reports, mandated by 67 Pa.C.S.A. § 7503, which contain no information relevant to the issue of whether Child is the victim of sexual abuse by Father. "Court summaries" from Adelphoi's Emergency Kinship Foster Care Program, also submitted as exhibits at the permanency review hearing, similarly fail to provide relevant (or admissible) evidence on the issue.

In light of the foregoing, we are constrained to reverse the trial court's order finding that aggravated circumstances exist where the GAL presented no competent evidence in support of his petition.[4]

---

[4] We are compelled to note the rather slipshod manner in which the court and the GAL proceeded in this case. In dependency matters, the safety and well-being of the child is of paramount concern. Here, the failure of the GAL to present any evidence whatsoever, and the trial court's abdication of its responsibility to ensure that its finding was based on the proper quantum of competent evidence, has led to a result that could most likely have been avoided. Unfortunately, it is Child whose sense of security and well-being will be adversely impacted by what she will surely view as a setback on her road to stability.

Order reversed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2025